**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

**No. 18-4436**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

KEEWANIE LAMONT BLACKBURN,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00275-WO-1)

_____

Submitted: January 22, 2019          Decided: January 24, 2019

_____

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keewanie Lamont Blackburn pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Blackburn to 50 months of imprisonment. On appeal, Blackburn's counsel has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but raising whether Blackburn received ineffective assistance of counsel at trial, whether there was prosecutorial misconduct related to video footage offered at a motion to suppress evidence hearing, whether the court erred in denying the motion to suppress, whether the district court should have granted the motion to suppress, and whether Blackburn's upward variance sentence is reasonable. Blackburn filed a pro se supplemental brief and the Government declined to file a reply brief. We affirm.

Blackburn's counsel questioned whether Blackburn received effective assistance of trial counsel. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal." *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008*); see United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant must ordinarily bring his claims in a 28 U.S.C. § 2255 (2012) motion. *King*, 119 F.3d at 295. However, we may entertain such claims on direct appeal only if "it conclusively appears from the record that defense counsel did not provide effective representation." *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (internal quotation marks omitted). *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984) (setting forth standard). Counsel did not identify

2

any instance of ineffective assistance and none conclusively appears on the record, therefore we decline to address the claim in this appeal.

Blackburn's counsel suggests that we review whether the district court properly denied the motion to suppress and whether there was prosecutorial misconduct related to video footage of the traffic stop admitted at the suppression hearing. When considering the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Giddins*, 858 F.3d 870, 878-79 (4th Cir. 2017). This court construes the evidence presented in the light most favorable to the prevailing party, in this case, the Government. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). We have reviewed the record on appeal, including the district court's reasoning and decision denying the motion, and conclude that the court did not err in denying the motion to suppress and there was no prosecutorial misconduct evident in the record.

Counsel questions whether Blackburn's 50-month upward variance sentence is reasonable. We review the reasonableness of Blackburn's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We assess a sentence's substantive reasonableness under "the totality of the circumstances." *Id.* at 51. Although an above-Guidelines-range sentence carries no presumption of reasonableness on appeal, "a sentence outside the Guidelines carries no presumption of unreasonableness." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). "[W]here the district court decides that a sentence outside the Guidelines' advisory range is appropriate, it must consider the extent of the deviation and ensure that the justification is

sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (brackets, citation, and internal quotation marks omitted). "[A] major departure should be supported by a more significant justification than a minor one." *Gall*, 552 U.S. at 50. "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks and citation omitted).

Here, the district court properly determined the advisory Guidelines range. The court considered Blackburn's arguments in mitigation. The court varied upward to 50 months based on the lack of deterrence from an earlier 60-month sentence, that Blackburn committed the offense while on supervised release for a similar offense, his extensive criminal record demonstrating a pattern of continued criminal activity, and that at least one felony conviction was not counted because of age. The court properly explained its sentence to the degree necessary to justify the deviation from the Guidelines, including acknowledgement of the degree of the variance and need to adequately deter Blackburn and protect the public from future crimes. *See United States v. Hargrove*, 701 F.3d 156, 163-64 (4th Cir. 2012) (affirming variance from 0-to-6-month Guidelines range to 60-month sentence, ten times the top of the Guidelines range); *United States v. Diosdado-Star*, 630 F.3d 359, 362, 366-67 (4th Cir. 2011) (affirming variance sentence six years greater than Guidelines range because sentence was based on district court's examination of relevant § 3553(a) factors).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We reviewed Blackburn's pro se supplemental brief primarily challenging the district court's credibility determination at the suppression hearing and the hearing's outcome, and find no reversible error related to his arguments. We therefore affirm the district court's judgment. This court requires that counsel inform Blackburn, in writing, of the right to petition the Supreme Court of the United States for further review. If Blackburn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blackburn. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*